## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMISON BRUMMEL, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JENNIFER BRUMMEL, | ) | Case No. <u>12-cv-2544</u> KHV/DJW |
| on behalf of themselves, and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | <u>DEMAND FOR JURY TRIAL</u> |
| | ) | |
| PROGRESSIVE FINANCIAL SERVICES, INC. | ) | |
| Serve at:  Corporation Service Company | ) | |
| 200 SW 30TH ST | ) | |
| Topeka, KS 66611 | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT
### (Class Action)

COME NOW Plaintiffs Jamison Brummel and Jennifer Brummel, and for their causes of action against Defendant Progressive Financial Services, Inc., state, allege, and aver to the Court as follows:

### Introduction

1.     This lawsuit seeks damages for Defendant's violations of the Fair Debt Collections Practices Act and Telephone Consumer Protection Act.

### Venue and Jurisdiction

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District because the conduct complained of occurred here, Plaintiffs reside here, and Defendants transact business here.

## Parties

4.     Plaintiff Jamison Brummel is a natural person residing in Garnett, Anderson County, Kansas.

5.     Plaintiff Jennifer Brummel, is a natural person residing in Garnett, Anderson County, Kansas.

6.     Defendant Progressive Financial Services, Inc. is a Pennsylvania for-profit corporation that can be served with process through its registered agent:  Corporation Service Company at 200 SW 30TH ST, Topeka, KS 66611.

7.     All of the actions and omissions by Defendant, as alleged herein, were accomplished through the actions and omissions of agents, servants, or employees of Defendant, acting within the course and scope of their relationship with Defendant.

## General Allegations

8.     On or about March 21, 2012, at approximately 5:10 p.m., Defendant, through its agent "Chanelle," called Plaintiffs' home telephone seeking payment of an allegedly unpaid utility bill from the City of Mesa, Arizona for $131.53.

9.     Plaintiff Jamison Brummel told Defendant Plaintiffs believed they had paid their final utility bill before they moved to Kansas in July of 2011, stated he would investigate the matter, and indicated he would call Defendant back.

10.     On or about March 21, 2012, at approximately 5:56 p.m., Plaintiff Jennifer Brummel called Defendant, through its agent "Chanelle," and requested Defendant send proof of the debt to Plaintiffs at their address in Garnett, Kansas.

11.     Defendant, through its agent "Chanelle," told Plaintiff Jennifer Brummel that Defendant would not be able to send Plaintiffs proof of the alleged debt for at least thirty to forty-five days.

12.     Plaintiff Jennifer Brummel told Defendant, through its agent "Chanelle," that she would contact the City of Mesa to investigate the bill and then call Defendant back.

13.     On or about March 22, 2012, at approximately 12:15 p.m. Plaintiff Jennifer Brummel telephoned the City of Mesa.  The City of Mesa stated it would investigate the bill and contact Plaintiffs.

14.     On or about March 22, 2012, at approximately 12:45 p.m., Defendant, through its agent "Chanelle" and utilizing an automatic telephone dialing system or an artificial or prerecorded voice, called Plaintiff Jennifer Brummel's cellular telephone and requested payment of the alleged debt.

15.     Plaintiff Jennifer Brummel told Defendant she would call Defendant back when the City of Mesa completed its investigation.

16.     On or about March 23, 2012, at approximately 11:45 a.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

17.     On or about March 23, 2012, at approximately 11:54 a.m., Defendant called Plaintiff Jamison Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

18.     On or about March 23, 2012, at approximately 2:32 p.m., Defendant called Plaintiff Jennifer Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

19.     On or about March 23, 2012, at approximately 4:36 p.m., Defendant called Plaintiff Jamison Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

20.     On or about March 23, 2012, at approximately 4:36 p.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

21.     On or about March 23, 2012, at approximately 6:49 p.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

22.     On or about March 26, 2012, at approximately 10:02 a.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

23.     On or about March 26, 2012, at approximately 5:04 p.m., Defendant, though its agent "Chanelle" and utilizing an automatic telephone dialing system or an artificial or prerecorded voice, called Plaintiff Jennifer Brummel's cellular telephone and left a message stating Defendant was looking for Plaintiff Jamison Brummel so Defendant could collect a debt.

24.     On or about March 26, 2012, at approximately 5:12 p.m., Defendant, called Plaintiff Jamison Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice.

25.     Plaintiff Jamison Brummel informed Defendant that the City of Mesa was investigating the charge and that Plaintiffs would not make a payment until they had received validation of the debt.

26.     Defendant told Plaintiff Jamison Brummel that if Plaintiffs were not going to pay the debt that day, Defendant would "mark them down for willful avoidance of payment" and report such to the credit bureaus, where it would remain on their credit files for seven years.

27.     Defendant then hung up on Plaintiff Jamison Brummel.

28.     On or about March 26, 2012, at approximately 6:02 p.m., Plaintiff Jennifer Brummel called Defendant, through its agent "Chanelle," and demanded that Defendant stop calling them.

29.     Plaintiff Jennifer Brummel told Defendant, through its agent "Chanelle," that Plaintiffs would call Defendant as soon as they received verification of the debt.

30.     Defendant, through its agent "Chanelle," told Plaintiff Jennifer Brummel that the debt would be reported to the credit bureaus unless Plaintiffs paid it.

31.     Defendant, through its agent "Chanelle," then hung up on Plaintiff Jennifer Brummel.

32.     On or about March 27, 2012, at approximately 10:31 a.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

33.     On or about March 27, 2012, at approximately 6:19 p.m., Defendant called Plaintiff Jamison Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

34.     On or about March 27, 2012, at approximately 6:21 p.m., Defendant called David Brummel, the father of Plaintiff Jamison Brummel, utilizing an automatic telephone dialing system or an artificial or prerecorded voice and requested to speak with Plaintiff Jamison Brummel.

35.     Defendant discussed Plaintiff's alleged debt with David Brummel.

36.     David Brummel told Defendant that Defendant's repeated telephone calls to Plaintiffs and Plaintiffs' family members were harassing and demanded Defendant stop making such calls and directed Defendant to contact Plaintiffs only by post mail.

37.     Defendant told David Brummel that Defendant would "do what they need to do to collect the debt" and hung up o David Brummel.

38.    On or about March 28, 2012, at approximately 10:39 a.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

39.    On or about March 28, 2012, at approximately 10:10 p.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

40.    On or about March 28, 2012, at approximately 5:12 p.m., Defendant, through its agent "Chanelle" and utilizing an automatic telephone dialing system or an artificial or prerecorded voice, called Plaintiff Jamison Brummel's cellular telephone.

41.    Plaintiff Jamison Brummel told Defendant, through its agent "Channel," that Defendant's continuous telephone calls where harassing and that Plaintiffs had repeatedly demanded Defendant stop calling then.

42.    On or about March 28, 2012, at approximately 5:15 p.m., Defendant, through its agent "Chanelle" and utilizing an automatic telephone dialing system or an artificial or prerecorded voice, called Plaintiff Jennifer Brummel's cellular telephone.

43.    Plaintiff Jennifer Brummel told Defendant, through its agent "Chanelle," that Plaintiffs were negotiating the alleged debt with the City of Mesa and, again, demanded Defendant stop calling Plaintiffs.

44.    Defendant, through its agent "Chanelle," told Plaintiff Jennifer Brummel that since Plaintiffs were being difficult she was going to mark the account as "willful avoidance of payment" and report Plaintiffs to the credit bureaus.

45.    Defendant, through its agent "Chanelle," then told Plaintiff Jennifer Brummel that Defendant "would do whatever they needed" to collect the debt and hung up on Plaintiff Jennifer Brummel.

46.     On or about March 28, 2012, at approximately 6:04 p.m., Defendant called Plaintiff Jamison Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

47.     On or about March 28, 2012, at approximately 6:06 p.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

48.     On or about March 28, 2012, at approximately 6:07 p.m., Defendant called Plaintiff Jennifer Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice.

49.     Plaintiff Jennifer Brummel told Defendant that Plaintiffs had repeatedly demanded Defendant stop calling them.

50.     Defendant told Plaintiff Jennifer Brummel that Defendant would continue to call Plaintiffs until they paid the alleged debt.

51.     On March 29, 2012, at approximately 10:06 a.m. Plaintiffs mailed a certified letter to Defendant demanding Defendant cease contacting Plaintiffs and their family.

52.     On or about March 29, 2012, at approximately 11:12 a.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

53.     On or about March 29, 2012, at approximately 3:00 p.m., Defendant called Plaintiff Jamison Brummel's work telephone number utilizing an automatic telephone dialing system or an artificial or prerecorded voice.

54.     Plaintiff Jamison Brummel's manager Roger answered the telephone and then hung up.

55.     On or about March 29, 2012, at approximately 5:42 p.m., Defendant called Plaintiff Jamison Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

56.     On or about March 29, 2012, at approximately 5:44 p.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

57.     On or about March 29, 2012, at approximately 5:45 p.m., Defendant called Plaintiff Jennifer Brummel's cellular telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

58.     On or about March 30, 2012, at approximately 12:39 p.m., Defendant called Plaintiffs' home telephone utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

59.     On or about March 30, 2012, at approximately 3:00 p.m., Defendant called Plaintiff Jamison Brummel's work telephone number utilizing an automatic telephone dialing system or an artificial or prerecorded voice.

60.     Plaintiff Jamison Brummel's manager answered the telephone and then hung up.

61.     On or about March 30, 2012, at approximately 5:02 p.m., Defendant called Plaintiff Jamison Brummel's cellular telephone number utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

62.     On or about April 2, 2012, at approximately, 9:43 a.m. Defendant received Plaintiffs' written demand that all communications cease.

63.    On or about April 2, 2012, at approximately 1:16 p.m., Defendant called Plaintiffs' home telephone number utilizing an automatic telephone dialing system or an artificial or prerecorded voice and did not leave a message.

64.    On or about April 3, 2012, at approximately 6:29 p.m., Defendant called Plaintiff Jamison Brummel's work telephone number utilizing an automatic telephone dialing system or an artificial or prerecorded voice.

65.    Plaintiff Jamison Brummel's manager Roger answered the telephone and then hung up.

66.    On or about April 3, 2012, at approximately 6:28 p.m., Defendant called Plaintiffs' home telephone number utilizing an automatic telephone dialing system or an artificial or prerecorded voice.

67.    Plaintiff Jamison Brummel's mother, Cathy Brummel, answered the phone and then hung up.

### Count I:
### Violations of the
### Fair Debt Collections Practices Act,
### 15 U.S.C. § 1692a, *et seq*.

68.    Plaintiffs hereby reallege and incorporate by reference every Paragraph of this Complaint as though fully stated herein.

69.    Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

70.    Plaintiffs incurred the financial obligation that is the subject of this lawsuit primarily for personal, family or household purposes, and it is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

71.    Defendant and its agents are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

72.     On or about the dates and times described herein Defendant violated the FDCPA by:

(a)     violating 15 U.S.C. § 1692b(2) by discussing Plaintiffs' alleged debt with David Brummel;

(b)     violating 15 U.S.C. § 1692c(a)(3) by calling Plaintiff Jamison Brummel's workplace when Defendant had reason to know the employer prohibited Plaintiff Jamison Brummel from receiving such communications;

(c)     violating 15 U.S.C. § 1692c(b) by discussing Plaintiffs' alleged debt with David Brummel;

(d)     violating 15 U.S.C. § 1692c(c) by continuing to telephone Plaintiffs regarding the alleged debt after receipt of Plaintiffs' written demand that such communications cease;

(e)     violating 15 U.S.C. § 1692d(3) by threatening to mark Plaintiffs' credit file for "willful avoidance of payment;"

(f)     violating 15 U.S.C. § 1692d(5) by calling Plaintiffs repeatedly, and despite Plaintiffs' repeated demands for such calls to stop, with the intent to annoy, abuse, or harass;

(g)     violating 15 U.S.C. § 1692e(7) by stating that Plaintiffs would be marked down for "willful avoidance of payment;"

(h)     violating 15 U.S.C. § 1692e(8) by threatening to report the alleged debt to credit bureaus when Defendant knew the alleged debt was disputed;

(i)     violating 15 U.S.C. § 1692e(11) by failing to disclose in a written initial communication to Plaintiffs that Defendant was attempting

to collect a debt and that any information obtained would be used for that purpose, and failing to disclose in subsequent communications that they are debt collectors; and

(j)    violating 15 U.S.C. § 1692g(a) by failing to provide the requisite written notice of debt validation within five days of the initial communication with Plaintiffs;

73.    15 U.S.C. § 1692k(a) provides a private right of action against those who violate the Fair Debt Collection Practices Act.

74.    Defendant actually and proximately caused Plaintiffs' damages.

75.    Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

76.    Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a)(2).

77.    Plaintiffs are entitled to costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE Plaintiffs pray this Court enter a judgment against Defendant awarding Plaintiffs actual damages, statutory damages, costs, and attorney's fees and grant any other relief this Court deems just and proper.

**Count II:**
**Violation of the**
**Telephone Consumer Protection Act**
**47 U.S.C. § 227**
**(Class Action)**

78.    Plaintiffs hereby reallege and incorporate by reference every Paragraph of this Complaint as though fully stated herein.

79.    In pertinent part, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(III) provides:

It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

80.     The TCPA provides for a private right of action as stated in 47 U.S.C § 227(b):

    (3)     Private right of action

            A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

            (A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

            (B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

            (C)     both such actions.

            If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

81.     Defendant did not have Plaintiffs' prior express consent to call their cellular telephones.

82.     Defendant violated the TCPA by using or causing to be used an automatic telephone dialing system or an artificial or prerecorded voice to place calls to a Plaintiffs' cellular telephones without prior express consent.

83.     Plaintiffs bring Count II on their own behalf and on behalf of a class of all persons similarly situated pursuant to Rule 23.   The Plaintiff Class consists of all persons to whom Defendant used or caused to be used an automatic telephone dialing system or an artificial or prerecorded voice to place calls to such person's cellular telephones without prior express consent.

84.     The Plaintiff Class satisfies all of the prerequisites stated in Rule 23(a):

(a)     The class is so numerous that joinder of all members would be impractical.   Upon information and belief, members of the class number in the hundreds or thousands.

(b)     There are questions of law or fact common to the class, such as whether or not Defendants committed the acts complained of and if the actions of Defendant violate the Telephone Consumer Protection Act.

(c)     The claims of the representative plaintiffs are typical of the claims of the Plaintiff Class.

(d)     The representative plaintiff will fairly and adequately protect the interests of the class.   Representative plaintiff has no interests antagonistic to the class.   Plaintiff is represented by counsel with experience litigating telecommunications class actions.

85.     Further, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class.

86.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and the class action

is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

(a)   It is believed that Defendant's computer and business records will enable Plaintiffs to readily and easily identify class members and establish liability and damages;

(b)   Liability and damages can be established for Plaintiffs and the class with the same common proofs;

(c)   Statutory damages are provided for in the TCPA and are the same for all class members and can be calculated in the same or similar manner;

(d)   A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense;

(e)   A class action will contribute to uniformity of decisions concerning Defendant's practices;

(f)   As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

WHEREFORE Plaintiffs pray this Court

(a)   Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b)   Enter judgment for Plaintiffs and Plaintiff Class against Defendant awarding damages of $500.00 for each violation of the TCPA;

(c)   Enter a Preliminary and Permanent Injunction prohibiting Defendant from using an automatic telephone dialing system or an

artificial or prerecorded voice to place calls to cellular telephones without prior express consent; and

(d)     Any other relief this Court deems just and proper.

## Demand For Trial By Jury

Plaintiffs, hereby, demand a trial by jury on all issues so triable.

## Designation of Place of Trial

Plaintiffs request Kansas City, Kansas as the place of trial.

Respectfully submitted,

**WOOD LAW FIRM, LLC**

By_____/s/Noah K. Wood_____
Noah K. Wood            KS Bar # 23238
noah@woodlaw.com
Michael T. Miller        KS Bar #24353
mike@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243

Attorneys for Plaintiff